UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NILSEN, | No. 2:16-cv-2733 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel with a civil action against the State of California, the California Department of Corrections and Rehabilitation (CDCR) and two CDCR employees. He has paid the filing fee and consented to have all matters in the action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

After conducting the required screening, the court finds that plaintiff's complaint states a claim upon which plaintiff may proceed pursuant to 42 U.S.C. § 1983 against defendant Lewis

1

for a violation of the Eighth Amendment.  In all other respects, the complaint fails to state a claim upon which relief can be granted.

As for claims arising under California law, plaintiff has not pled compliance with the California Government Claims Act.  See Cal. Gov Code § 945.4; Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13 (6th Dist. 1991).  Plaintiff's claims concern the failure to prescribe narcotics.  Defendant Baliton, a registered nurse, cannot prescribe narcotics and there are no facts suggesting she denied plaintiff narcotics.  Plaintiff's allegations of denial of adequate medical care do not state claims under the either Title II of Americans with Disabilities Act or section 504 of the Rehabilitation Act as these laws prohibit discrimination because of a disability, not inadequate medical treatment for the disability.  See Simmons v. Navajo Cnty. AZ, 609 F.3d 1011, 1022 (9th Cir. 2010) (ADA).  Further, plaintiff does not allege he was denied any service, program or activity because he has not been given narcotics.

Plaintiff shall complete service of process with respect to defendant Lewis in accordance with Federal Rule of Civil Procedure 4 within sixty days from the date of this order.  Plaintiff shall serve a copy of this order on defendant Lewis together with a summons, a copy of the complaint and the copy of the form "Consent to Proceed Before United States Magistrate Judge"

The parties are informed that they may, if all consent, have this case tried by a United States Magistrate Judge while preserving their right to appeal to the Circuit Court of Appeals.  An appropriate form for consent to trial by a magistrate judge is attached.  Any party choosing to consent may complete the form and return it to the clerk of this court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send plaintiff a summons for defendant Lewis.  The Clerk shall also send plaintiff the form "Consent to Proceed Before United States Magistrate Judge" with this order.

2. Plaintiff shall complete service of process on the defendant Lewis within sixty days. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on defendant Lewis at the time the summons and complaint are served.

3.  Defendant Lewis shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

Dated: April 3, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
nils2733.8