UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NILSEN, | No. 2:16-cv-2733 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel with a civil action. On April 3, 2017, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A and found that plaintiff could proceed on a claim arising under the Eighth Amendment for damages against defendant Lewis (defendant) for denial of constitutionally adequate medical care. Defendant Lewis has filed a motion to dismiss arguing that the "qualified immunity" doctrine precludes plaintiff from going further on his claim.

I. Legal Standards

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In determining whether to grant a motion to dismiss brought under Rule 12(b)(6), the court must accept the allegations made in the complaint

/////

1

1 as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light

2 most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

3       In order to avoid dismissal for failure to state a claim, a complaint must contain more than

4 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

5 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,

6 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7 statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim

8 upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A

9 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

10 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

11 at 678.

12       Denial or delay of medical care for a prisoner's serious medical needs may constitute a

13 violation of the prisoner's Eighth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05

14 (1976). An individual is liable for such a violation only when the delay or denial was the result of

15 at least deliberate indifference. Id. Finally, harm must have been caused by the indifference.

16 Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

17       A difference of opinion about the proper course of treatment is not deliberate indifference,

18 nor does a dispute between a prisoner and prison officials over the necessity for or extent of

19 medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d

20 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore,

21 mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate

22 medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.

23 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference,

24 the prisoner must show that the delay caused "significant harm and that Defendants should have

25 known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002).

26       Defendant argues that, as pled, plaintiff's Eighth Amendment claim is subject to

27 dismissal pursuant to the "qualified immunity" doctrine. Qualified immunity shields government

28 officials "from liability insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted).

II. Allegations

Plaintiff alleges as follows in his complaint:

1. At all relevant times, plaintiff was an inmate at Mule Creek State Prison (Mule Creek) and defendant was employed as the Deputy Director of Policy and Risk Management Services for California Correctional Health Care Services.

2. On February 4, 2016, Licensed Vocational Nurse Baliton reported that she witnessed plaintiff put a morphine pill, which had been prescribed to him for severe and chronic back pain including sciatica, into his mouth but not swallow it. As a result of this incident, plaintiff's prescription for morphine was discontinued, and plaintiff was instead prescribed Cymbalta and Gabapentin. Plaintiff reported that Cymbalta and Gabapentin did not adequately control his pain and requested that his prescription for morphine be reinstated. That request was denied.

3. Plaintiff appealed the denial of his request through the prisoner grievance process at Mule Creek.

4. On March 30, 2016, plaintiff was examined by Dr. Huynh who noted there is clear data that plaintiff had "chronic back pain radiating to his leg." Dr. Hunynh noted that because of the incident reported by Nurse Baliton, "opioids cannot be re-prescribed."

5. The final decision regarding plaintiff's appeal was rendered May 17, 2016 by defendant. Plaintiff asserts his request for renewal of his morphine prescription was denied by defendant due to Nurse Baliton's report.

III. Analysis

Defendant asserts that, under the circumstances described above, clearly established law does not dictate that plaintiff's prescription for morphine should have been renewed. Therefore, according to defendant, defendant is entitled to dismissal based on "qualified immunity." Defendant points to a decision rendered by Magistrate Judge Kendall J. Newman in this court in support of his argument:

/////

3

> Moreover, in a prison setting, the decision to discontinue a pain medication because of concerns of abuse of such medication does not amount to deliberate indifference to serious medical needs. See Atakpu v. Lawson, 2008 WL 5233467, *11 (S.D. Ohio, Dec.11, 2008) ("evidence submitted by plaintiff shows that the LeCI doctor ordered that the Ultram be discontinued on April 14, 2005 because of 'cheeking'"); Johnson v. Herman, 2006 WL 1408389, *3 (N.D. Ind., May 18, 2006) ("An inmate who will not take his medication when it is dispensed does not appear to need the medication. This is particularly true for pain medication. Even if he is in pain as a result, he appears willing to suffer that pain in exchange for whatever benefit he receives by not immediately taking the medication."); Shea v. Wheeler, 2001 WL 34376846, *6 (W.D. Wis., June 19, 2001) (holding that prison doctor's decision to discontinue inmate's prescription for misuse, even after inmate was found not guilty at a subsequent disciplinary hearing, did not constitute deliberate indifference); Jones v. Ehlert, 704 F. Supp. 885, 888-90 (E.D. Wis. 1989) (no deliberate indifference found where prisoner's Valium was discontinued after sergeant at correctional institution accused prisoner of palming off medication).

Ortiz v. Cal. Dep't of Corrections, 2:13-cv-0617 WBS KJN P, ECF No. 7 at 5-6.

After reviewing Judge Newman's decision, the opinions cited therein, other relevant case law, and the arguments of the parties, the court agrees with defendant that, under the facts alleged, defendant Lewis's denial of the renewal of plaintiff's prescription for morphine does not amount to a violation of clearly established federal law. Through this holding, the court does not mean to imply that a single instance of an inmate retaining an opioid medication rather than ingesting it can, by itself, provide a basis for a permanent ban of opioids - especially as circumstances relevant to an inmate's medical condition change. The court's holding is limited to this defendant's decision as to whether the suspension of plaintiff's prescription for morphine should have been reversed.

Further, after review of plaintiff's complaint and the briefing submitted by the parties, it appears defendant is not a physician; this was not clear to the court at the screening stage. If defendant is not a physician, defendant cannot be liable for refusing to reinstate plaintiff's prescription for morphine, because he had no authority to do so. Furthermore, plaintiff fails to point to anything suggesting any physician who treated plaintiff required defendant's authority to reinstate plaintiff's prescription.[1]

_____

[1] On March 30, 2016, Dr. Huynh indicated that "opioids cannot be re-prescribed." There is no

4

1          For all the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of the Court

2    assign a district court judge to this case.

3          IT IS HEREBY RECOMMENDED that:

4          1.  Defendant Lewis's motion to dismiss (ECF No. 9) be granted; and

5          2.  This case be closed.

6          These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11   objections shall be served and filed within fourteen days after service of the objections.  The

12   parties are advised that failure to file objections within the specified time may waive the right to

13   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14   Dated:  January 16, 2018

15   _____

     CAROLYN K. DELANEY

16   UNITED STATES MAGISTRATE JUDGE

17

18

19   1
     nils2733.mtd

20

21

22

23

24

25

26

---

indication whether this was Dr. Huynh's opinion pursuant to the standard of care or whether it
was due to prison policy.  If the doctor's decision was based solely on prison policy, and the
policy conflicted with his medical judgment or the standard of care, the Eighth Amendment
certainly might be implicated.